IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Mohammad Elabiad,                  Case No. 3:03CV7452

    Plaintiff,

    v.                                      ORDER

Trans-West Express, LLC, *et al.*,

    Defendant.

This is a personal injury case. Plaintiff Mohammad Elabiad sued defendant Trans-West Express, LLC, et al., for personal injuries he suffered on July 27, 2001.

Jurisdiction exists pursuant to 28 U.S.C. § 1332.

Pending is Elabiad's post-trial motion to tax costs. For the reasons set out below, that motion shall be granted.

## Background

Elabiad is a truck driver with a commercial driver's license for the state of Illinois and Ohio. On July 27, 2001, Elabiad was transporting a cargo container containing heavy-duty industrial chain from the Burlington Northern Santa Fe Railway's yard located in Chicago to U.S. Tsubaki's ("UST") facility in Sandusky, Ohio.

Elabiad arrived at UST's facility in Sandusky at about 3:00 a.m. on July 27, 2001. When the facility opened, Elabiad obtained bolt cutters from an UST employee to cut the seal on the cargo container door. Elabiad fractured his right ankle when he opened the cargo container doors and part of the contents, which had shifted in transit, fell out.

On July 28, 2003, Elabiad filed a complaint naming UST, Trans-West Express, Transtel, Burlington Northern Santa Fe Railway Company, Shanghai Boshen Pacific Container and China Hangzu International Economic Corporation. UST was the only party to proceed to trial, which lasted from November 29 to December 2, 2005. The jury returned a verdict finding Elabiad had sustained damages totaling $174,459.18. The jury also found Elabiad's negligence contributed to his injuries and that the percentage attributable to him was fifty percent.

Pending is Elabiad's motion to tax costs of litigation. For the reasons set out below, that motion shall be granted.

## Prevailing Party

Elabiad asserts that he is the prevailing party in this dispute. The prevailing party is the party who prevails to a greater extent on the issues involved in the case. *Clarke v. Mindis Metals, Inc.*, 1996 WL 616677, *32 (6th Cir.) (Unpublished disposition). This principle applies even when "the successful party is not awarded his entire claim." *Id*. (citing *Zackaroff v. Koch Transfer Co.*, 862 F.2d 1263, 1265 (6th Cir. 1988). A court may consider the final settlement offer by the defendant to help determine whether the plaintiff prevailed on its claim. *Id.*

Ohio's current comparative negligence statute, O.R.C. § 2315.33, applies to causes of action accruing on or after April 3, 2003; the former comparative negligence statute, O.R.C. § 2315.19, is applicable to causes of action accruing prior to that date. O.R.C. §§ 2315.19 (repealed), 2315.33 (current comparative negligence statute). The cause of action here accrued on July 27, 2001, so O.R.C. § 2315.19 applies. *Id.*; *see also* 70 Ohio Jur. 3d Negligence§ 64 (describing current and former Ohio comparative negligence statutes).

The former comparative negligence statute states that contributory negligence does not bar a plaintiff from recovering damages if the contributory negligence of the plaintiff was no greater than the negligence of the defendant (or combined negligence of defendants). O.R.C. § 2315.19(A)(2) (repealed);[1] *Kaso v. Ohio Dep't of Health*, 124 Ohio Misc.2d 59, 67 (Ct. Cl. 2003); *see also Martin v. Ohio Dep't of Rehab. & Corr.*, 2005 WL 2065126, *3 (Ohio Ct. Cl., Aug. 10, 2005); *Bennett v. Ohio Dep't of Transp.*, 2005 WL 3560568, * 3 (Ohio Ct. Cl., Nov. 16, 2005). Compensatory damages are diminished by an amount equal to the plaintiff's percentage of negligence. O.R.C. § 2315.19(A)(2) (repealed); *see also* 70 Ohio Jur. 3d Negligence § 64.

Therefore, under Ohio's former comparative negligence statute, a plaintiff recovers damages in a negligence action so long as his or her percentage of fault is not greater than that of the defendant's percentage of fault. O.R.C. § 2315.19(A)(2) (repealed). It follows, therefore, if both parties are equally at fault, recovery is not barred because the plaintiff's percentage of fault is not greater than defendant's.

In this personal injury case, Elabiad is the prevailing party for three reasons. First, the primary issue in this dispute is whether the defendant was liable for plaintiff's injury. The jury concluded that UST was liable and found that Elabiad suffered damages of $174,459.18. Although the jury found Elabiad fifty percent contributorily negligent, which reduces the amount of his award by fifty percent, Elabiad prevailed on the issue of UST's liability: at the time of his injuries, Ohio law allowed a plaintiff who is fifty percent liable to recover. O.R.C. § 2315.19(A)(2) (repealed).

---

[1] The current comparative negligence statute achieves the same result: a plaintiff can recover so long as his or her negligence is no greater than that of the defendant or defendants. O.R.C. § 2315.33; *see also* 70 Ohio Jur. 3d Negligence § 182 (describing how Ohio's comparative negligence statute operates).

Second, Elabiad won judgment in his favor on his negligence claim against UST, which in this dispute was the only claim asserted. Lastly, Elabiad was the prevailing party judged from the baseline of UST's final settlement offer. The jury awarded Elabiad $87,229.59, approximately seven times UST's final offer of $12,500. Thus, Elabiad is the prevailing party because he prevailed to a greater extent on the issues involved in this case, especially the issue of greatest financial consequence.

## Apportionment of Costs

UST contends that I should apportion the costs between the parties in proportion to their respective percentages of fault as determined by the jury. I decline to do so. Federal Rule of Civil Procedure 54(d) states that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). Courts generally award costs to a prevailing party as a matter of course. *McHugh v. Olympia Ent., Inc.*, 37 Fed. Appx. 730, 743 (6th Cir. 2002) (Unpublished decision). UST has not persuaded me to depart from the general rule that the prevailing party should be allowed costs.

UST cites *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223 (10th Cir. 2001) in support of its contention. In *Barber*, the court apportioned costs based on the partial success of the plaintiff. *Id*. at 1234. The partial success of the plaintiff in *Barber*, however, is distinguishable from the success of the plaintiff in this dispute. In *Barber*, the court considered the plaintiff partially prevailing because the defendant had won claims in its favor. *Id*. In contrast, the defendant in this dispute has not asserted or won on any claims.

UST also cites *Ustrak v. Fairman*, 851 F.2d 983 (7th Cir 1998) for support. The Seventh Circuit Court of Appeals, however, regards denial or apportionment of costs as a penalty to the

prevailing party, which is appropriate only under narrow circumstances such as bad faith or the deliberate prolonging of litigation. *Popeil Bros., Inc. v. Schick Electric, Inc.*, 516 F.2d 772, 775 (7th Cir. 1975).

Similarly, the Sixth Circuit has described several circumstances in which denial of costs is proper. Such circumstances include cases where taxable expenditures by the prevailing party are unreasonably large, the prevailing party unnecessarily prolonged trial, the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant, and cases which are close and difficult. *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). Because there is no showing of any circumstances that call for departing from the general rule, I am not persuaded to apportion the costs as suggested by the defendant.

**Allowable Costs**

Elabiad, as the prevailing party, is entitled to tax costs against UST. Courts interpret the term "costs" far narrower than its vernacular meaning. *Hadix v. Johnson*, 322 F.3d 895, 899 (6th Cir. 2003).

The items a court may tax as costs to a prevailing party under Rule 54(d) are:

1) Fees of the clerk and marshal;

2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

3) Fees and disbursements for printing and witnesses;

4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

5) Docket fees under section 1923 of this title;

> 6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Therefore, Elabiad is entitled to costs as they conform to § 1920.

### Setoff

UST also contends that I should setoff Elabiad's damage award by $82,500, which he received as settlement proceeds from previously dismissed parties. UST cites Ohio Revised Code § 2307.28(A) for support. Section 2307.32(F) applies, however, to causes of action that accrue before April 9, 2003. Baldwin's Ohio Practice Tort Law § 8:147 (2006); *see BP Exploration & Oil Co. v. Maint. Serv., Inc.*, 313 F.3d 936, 941-943 (6th Cir. 2002).

Under this provision, setoff is required only if there is an actual determination of the settling defendant's liability for causing the same injury. *Fidelhotz v. Peller*, 81 Ohio St. 3d 197, 203 (1998). Actual determinations include "a jury finding, a judicial adjudication, stipulations of the parties, or the release language itself." Id.

In this dispute, the cause of action accrued on July 27, 2001, when Elabiad suffered his injury at UST's facility. Therefore, § 2307.32(F) applies. Neither party, furthermore, offered any evidence of an actual determination of the settling defendants' liability for causing the same injury. In fact, the settlement agreement and release between Elabiad and Trans-West Express, specifically states in § 1.3 "[i]t is understood and agreed to by the parties that this settlement is a compromise of a doubtful and disputed claim, and that the payments are not to be construed as an admission of liability on the part of the Released Party, by whom liability is expressly denied." (Def.'s Ex. A). Therefore, I decline to setoff Elabiad's damage award as suggested by UST.

**Conclusion**

It is, accordingly,

ORDERED THAT:

1. Plaintiff's motion to tax costs of litigation be, and the same hereby is granted;

2. Leave granted to plaintiff to file a bill of costs in conformity with 28 U.S.C. § 1920 on or before April 20, 2006; defendant to respond by May 1,2006.

So ordered.

>                         s/James G. Carr
>                         James G. Carr
>                         Chief Judge