IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Mohammad Elabiad,                                          Case No. 3:03CV7452

          Plaintiff,

    v.                                                    ORDER

Trans-West Express, LLC, *et al*.,

          Defendants.

This is a personal injury case. Plaintiff Mohammad Elabiad sued defendants Trans-West

Express, LLC, *et al*., for damages he suffered on July 27, 2001.

Jurisdiction exists under 28 U.S.C. § 1332.

Pending is defendants' opposition to plaintiff's bill of costs. For the following reasons,

defendants' motion will be granted in part and denied in part.

**Background**

Elabiad filed this action on July 28, 2003. A jury returned a verdict in his favor and he

subsequently filed a motion to tax costs. This court granted that motion. Plaintiff submitted a bill

of costs in the amount of $8,594.25. 28 U.S.C. § 1920.

Trans-West now contests that bill of costs, specifically the costs of depositions not

reasonably necessary for litigation, costs related to those depositions, and certain costs related to

expert witness fees. Trans-West claims Elabiad is taxing costs beyond those statutorily allowable

and is entitled, at most, to $1,705.41.

**Analysis**

Costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs.  Fed. R. Civ. P. 54(d)(1). These costs are defined in 28 U.S.C. § 1920. It states:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> 1) Fees of the clerk and marshal;
>
> 2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> 3) Fees and disbursements for printing and witnesses;
>
> 4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> 5) Docket fees under § 1923 of this title;
>
> 6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

*Id.*

Expenses include forty dollars for each day a witness attends trial or a deposition. 28 U.S.C. § 1821(b). Witness costs also include "the time necessarily occupied in going to and returning from the place of attendance." *Id.*

In *Baker v. First Tenn. Bank Nat'l Assoc.*, the court held "[i]n order to award costs to a prevailing party, the court must determine that the expenses are allowable cost items and that the amounts are reasonable and necessary." 142 F.3d 431, *2 (6th Cir. 1998) (table). The unsuccessful party bears the burden to show circumstances exist sufficient to overcome the presumption favoring an award of costs to the prevailing party.  *Id.*

2

**1. Deposition Costs**

Trans-West challenges the deposition costs for Raymond Rone, Dr. Paul F. DeFrino, Larry Gardner, Richard Yontz, and Tom Barton. They claim these costs were not reasonably necessary for trial.

There is no question deposition expenses may be taxed as costs. *Id.* at *3. Courts have interpreted subsections (2) and (4) of § 1920 to authorize taxing as costs the expenses of taking, transcribing, and reproducing depositions. *Id.* A party need not actually use the deposition transcripts in a summary judgment motion or at trial; rather, fees for deposition transcripts are taxable if they are reasonably necessary for the litigation. *Nye v. CSX Transp., Inc.*, 2005 WL 1126754 *4 (N.D. Ohio). Reasonableness is assessed at the time the deposition was taken. *Id.*

Trans-West contends costs for depositions not used at trial are unavailable.  This is not the 6th Circuit standard. *See Sutter v. Gen. Motors Corp.*, 100 Fed. Appx. 472 (6th Cir. 2004); *Sales v. Marshall*, 873 F.2d 115 (6th Cir. 1989). Reasonableness is determined at the time the deposition is taken. *Nye*, 2005 WL 1126754, *4. The record reflects each deposition contained in the bill of costs was reasonably necessary for litigation. The deponents named above are all listed in the court record as having testified at trial. This is sufficient evidence to support the presumption of allowing costs to the prevailing party under Fed. R. Civ. Pro. 54(d)(1).[1]

---

[1]

Additionally, Trans-West has not met its burden to overcome the presumption stated in Rule 54(d)(1). Trans-West simply states its objection to the "cost of depositions not used at trial." They do not, however, state with any specificity which depositions this entails. Accordingly, Trans-West has not shown circumstances exist sufficient to overcome the presumption favoring award of costs to the prevailing party. *Baker*, 142 F.3d 431 at *2.

Trans-West also objects to other charges associated with deposition costs; specifically, charges for marking exhibits, condensed transcript charges, duplicate charges, remote location charges, and shipping charges. They claim these costs are unavailable because they are mere items of convenience for counsel.

Courts divide depositions costs into "overhead" and "incidental" charges. *Compare CSX Transp., Inc.,* 2005 WL 1126754 *3, *and Cook v. VFS, Inc.*, 2000 WL 33727940 *6 (S.D. Ohio), *with Tharo Sys., Inc.*, *v. Cab Produkttechnik*, 2005 WL 1123595 *1 (N.D. Ohio)(unpublished disposition). Overhead costs include postage, shipping and handling charges, facsimile costs, and computer research and are not taxable under §1920. *See CSX*, 2005 WL 1126754 at *3; *Cook*, 2000 WL 33727940 *6 (S.D. Ohio). Trans-West's objections, therefore, concerning the fifteen dollar shipping charge for Raymond Rone's deposition as well as the $24.18 Fed Ex charge for Dr. DeFrino's deposition are well-taken. Elabiad's charges for marking exhibits, condensed transcripts, and email transmissions for litigation support are also "overhead" expenses not taxable under § 1920.

Incidental costs are taxable and include expenses such as court reporter fees. *See Tharo*, 2005 WL 1123595 *1 (quoting *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995)). In that case, the court held taxable as "incidentals" court reporter fees for traveling to Germany. The $89 "remote location" cost is similar to the court reporter fee in *Tharo,* and is, therefore, taxable.

Trans-West's objection to the invoice from Doreen Boersma for Dr. DeFrino's depositions is inaccurate. The documentation clearly shows these charges are for the transcript, a taxable expense.

The same is true for defendant's allegations that plaintiff triple billed for the depositions of Larry Gardner, Richard Yontz, and Tom Barton.  The bill is $386.40; the cost of the three depositions ($276.40 total) and the $110 for the reporting service.

For the foregoing reasons, $113.23 shall be subtracted from plaintiff's bill of costs as nontaxable expenses under 28 U.S.C. § 1920.

## 2. Witness Fees

Trans-West also challenges the traveling expenses of Elabiad's expert witnesses Raymond Rone and Dr. Paul DeFrino. They argue the lack of an itemization of fees and documentation showing exact mileage the witnesses traveled precludes taxing these costs. Trans-West also contends the costs billed for these witnesses are outside the scope of 28 U.S.C. § 1821.

The prevailing party may recover fees for witnesses under 28 U.S.C. § 1920(3). Available expenses only include attendance, travel, and subsistence fees as specified in 28 U.S.C. § 1821. *Cleveland Area Board of Realtors v. City of Euclid*, 956 F. Supp. 1017, 1025 (N.D. Ohio 1997)(quoting *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

The statute entitles Elabiad to fees paid to witnesses for attendance at trial or depositions. 28 U.S.C. § 1821(a)(1). Witness costs include an attendance fee of $40 for each day of attendance and expenses for the time necessarily occupied in going to and returning to the place of attendance. 28 U.S.C. § 1821(b). A witness who travels by common carrier shall be paid for the actual expenses of travel. 28 U.S.C. § 1821(c)(1). Actual receipts are not required by statute or case law.  *Trepel v. Roadway Express, Inc.*, 266 F.3d 418, 425 (6th Cir. 2001). All normal travel expenses shall be taxable as costs. 28 U.S.C. § 1821(c)(4). Finally, a subsistence allowance shall be paid to a witness when an overnight stay is required. 28 U.S.C. § 1821(d)(1).

Though many of Elabiad's costs are available,[2] he cannot tax as costs $1,500 for Dr. DeFrino's attendance at deposition or $400 for an expert report fee. These expenses either exceed or are not enumerated in 28 U.S.C. § 1821. Plaintiff's submission of receipts for these charges does not make them statutorily permissible.

Section 1821 also precludes Elabiad from recovering $1,687.50 in "other costs" for Mr. Rone. The statute only permits forty dollars a day for witnesses. Plaintiff's charges are similar to consultation charges discussed in *Cleveland Area Board of Realtors*, 965 F. Supp. at 1025. The court stated "none of the categories of expenses listed in § 1920 can reasonably be read to include fees for services rendered by an expert employed by a party in a nontestimonial capacity. *Id.* (quoting *West Virginia Univ. Hosps. V. Casey*, 499 U.S. 83, 87 (1991). The consulting services listed under "other costs" for Mr. Rone constitute such nontestimonial services.

Finally, the $1,500 for Mr. Rone's travel time, attendance at court, and court testimony are not taxable under 28 U.S.C. §1821. Based on the separate charges for Mr. Rone's airplane ticket and hotel room it is difficult to imagine what other travel expenses would constitute $1,500 worth of charges. Additionally, this amount would exceed the forty dollar allowance for attendance fees.

For the foregoing reasons, $483.49 for other costs shall be taxable under 28 U.S.C. §§ 1920 and 1821.

---

[2]

These allowable expenses include eighty dollars for Raymond Rone's two days of attendance, forty dollars for Paul DeFrino's attendance, and the cost of Rone's plane ticket ($251.80) as well as his hotel room ($111.69).

### Remaining Bill of Cost

Trans-West has not objected to any other expense listed in Elabiad's bill of costs.  These other expenses are therefore granted.

### Conclusion

It is, therefore,

ORDERED THAT the fee request of Jihad M. Smaili, Esq., counsel for plaintiff Mohammad Elabiad, be granted in part and denied in part:

1. $150 as and for fees of the clerk.

2. $198 as and for fees for service of summons and subpoena.

3. $2,160.72 as and for fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case.

4. $491.31 as and for fees for witnesses.

5. $30 as and for fees for exemplification and copies of papers necessarily obtained for use in the case.

6. $483.49 as and for other costs.

7. Counsel for plaintiff to prepare and file a final judgment entry for the undersign's approval.

So ordered.

/s/ James G. Carr
James G. Carr
Chief Judge