**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Mohammed Elabiad,                                                   Case No. 3:03CV7452

        Plaintiff

    v.                                                                            **ORDER**

Trans-West Express, Inc., et al.,

        Defendant

    This is a personal injury action in which the plaintiff, Mohammed Elabiad, following a jury trial, obtained a judgment in the amount of $87,229.59, plus interest, and costs of $3,513.52.against defendant Shanghai Baoshan Pacific Container, Ltd. (SBPC). Plaintiff, a truck driver making a delivery of industrial chains manufactured and packed in and shipped from China, was injured when, on opening his trailer, several chains fell out. The jury had found him fifty percent contributorily negligent.

    On November 4, 2011, plaintiff filed a motion to alter or amend judgment. (Doc. 182). The gravamen of his motion was a desire to substitute the name of different entities, namely Singamas Container Holdings Limited (SCH), Singamas North America, Inc. (SNA) and Singamas Management Services Limited's (SMS) , as judgment debtors.

Pending are motions by the new judgment debtors for relief from that judgment (Doc. 185) and stay execution of the judgment pending adjudication of the motion for relief. (Doc. 186). For the reasons that follow, I grant the motion for relief from judgment. Doing so renders the motion to stay moot. This also renders moot plaintiff's request for a praecipe. (Doc. 188).

Plaintiff does not dispute the movants' contention that they are separate corporate entities. Thus, as a matter of fundamental due process, plaintiff could not have sought, and I should not have entered judgment against them without service, notice and an opportunity to be heard, none of which either plaintiff or I gave.

Plaintiff argues, in effect, that all he did was to change the label on the same can, while not altering the contents. This is plainly not so: plaintiff, to extend the metaphor, asked to dump the contents in an entirely different container. In addition, while doing so, he added a new ingredient: namely, an increase in the judgment to $4,381,600 – a fifty-fold increase.

Had these movants been in the case from the outset – and they allege that greater diligence on plaintiff's part would have revealed the existence of some sort of corporate inter-relationship between them and the original judgment debtor, SBPC – plaintiff would have had to prove alter ego or other grounds for making one of these corporations liable for the acts of another.

He still must do so. Though initially successful, due to my own inattentiveness when I reviewed plaintiff's motion to alter or amend, his effort to bypass his obligation to serve the judgment debtors and thereby give them an opportunity to dispute his alter ego claim, remains.

Suffice to say: plaintiff's premise that he need not join and serve these defendants before applying for judgment against them is wrong and defendants' premise that he must do so is correct. From that fact flows the application of the legal principles discussed and supported in and result

sought by defendants' motion for relief from judgment. That being so, I adopt and incorporate those principles as the basis for this order. *See NEC Electronics, Inc. v. Porter Hurt*, 208 Cal.App.3d 772, 778-79 (1989) (plaintiff must show alleged alter ego controlled underlying litigation before plaintiff can transfer liability to it by default; contrary rule would violate due process); *accord*, *S.A. v. Superior Court,* 51 Ca.2d 172, 175-76 (1958); *see also Eldorado Stone, LLC v. Renaissance Stone, Inc.*, 2009 WL 347005, *4 (S.D.Cal.) (citing *NEC, supra*).

Finally, as the Supreme Court made clear in *Peacock v. Thomas*, 516 U.S. 349, 352 (1996), federal courts do not have ancillary jurisdiction to add new parties to an existing judgment based on new facts and theories of liability. This is, though, exactly what plaintiff had me do here.

While plaintiff presents other persuasive arguments, the above-referenced cases and the legal principles which they recite are enough to grant the judgment debtors the relief they properly seek.

It is, therefore,

ORDERED THAT:

1. The motion for relief from judgment (Doc. 185) be, and the same hereby is granted; and

2. The motion for stay (Doc. 186) and request for praecipe (Doc. 188) are denied as moot.

So ordered.

/s/ James G. Carr
Sr. United States District Judge